**Andrew HARRIS, Plaintiff,**

v.

**C.O. GUNDERMAN, and C.O. Surber, Defendants.**

**No. 97 Civ. 1589(CBM).**

United States District Court,
S.D. New York.

Jan. 7, 1999.

Andrew Harris, Dannemora, NY, pro se.

John P. Barry, Attorney General, New York City, for D.J. Gunderman, J. Surber.

*Memorandum Opinion*

MOTLEY, District Judge.

**BACKGROUND**

On February 10, 1997, *pro se* prisoner plaintiff Andrew Harris ("Harris") filed a civil complaint under 42 U.S.C. § 1983, alleging that the defendants, two prison officers at Green Haven Correctional Facility in the State of New York, severely beat him in violation of his Eighth Amendment constitutional right against cruel and unusual punishment. Plaintiff further alleged that defendants are liable under a theory of deliberate medical indifference for depriving him of adequate medical treatment for alleged injuries that he sustained as a result of the beating. The court finds and concludes that plaintiff did not exhaust his administrative remedies.

Therefore, the court dismisses this case, without prejudice, so that plaintiff may comply with the exhaustion requirement.

## I. Plaintiff Failed to Exhaust His Administrative Remedies

On April 8, 1998, defendants moved for summary judgment. Defendants claim, *inter alia*, that summary judgment should be granted because Harris failed to exhaust his administrative remedies before bringing suit in federal court. Defendants include, as support for their contention, a sworn affidavit from Jim Lagoi, who is an employee with the New York State Department of Correctional Services ("DOCS"). (Lagoi Aff., pp. 1–2). Mr. Lagoi works for DOCS as the Inmate Grievance Coordinator at Green Haven Correctional Facility. Mr. Lagoi stated that after a review of the records maintained at the prison, "it is apparent that at no time did [Harris] file a grievance relating to a purported assault by Corrections Officers Surber and Gunderman. Further, he filed no grievances relating to their breaking his glasses, or using racial epithets against him, or the denial of adequate medical treatment." (Lagoi Aff., p. 2).

The Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a), provides:

"No action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The plaintiff admits that he did not file any prior complaint regarding the October 25, 1996 incident with the prison grievance program or in state court. (Compl., p. 3). Given the recent amendment to the PLRA, which now makes the exhaustion requirement mandatory rather than directory, the court must dismiss this claim, without prejudice, to allow plaintiff the opportunity to first file this complaint pursuant to the appropriate prison grievance procedures. *See* 42 U.S.C. § 1997e(a); *see e.g., Melo v. Combes, et al.,* 1998 WL 67667 (S.D.N.Y. Feb.18, 1998) (Koeltl, J.) (dismissing prisoner's § 1983 claim for failure to exhaust administrative remedies); *Salahuddin v. Mead,* 1997 WL 357980, *4 (S.D.N.Y. June 26, 1997) (Mukasey, J.) (applying PLRA retroactively and dismissing § 1983 claim for failure to exhaust administrative remedies, even though the underlying constitutional violation occurred prior to the effective date of the PLRA); *Decker v. Watch Commander John Doe,* 1998 WL 883300, *2 (S.D.N.Y. Dec. 17, 1998) (Mukasey, J.) (dismissing prisoner's § 1983 claim for failure to exhaust available remedies, despite the fact that such remedies did not provide monetary relief as sought by plaintiff).

## CONCLUSION

The court finds and concludes that plaintiff has failed to exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a), and thus, this action is dismissed, without prejudice, so that plaintiff may first file his complaint through proper prison grievance channels.